United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TEXAS PRECIOUS METALS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00039 |
| | § | |
| | § | |
| D'ANCONIA COPPER, LLC d/b/a PATRIOT COINS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Texas Precious Metals, LLC has filed a motion for entry of default. (Doc. No. 16.) This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636. For the reasons explained below, the undersigned recommends that Plaintiff's motion be DENIED.

*A.  Background: Plaintiff's lawsuit, Defendant's late answer, and Plaintiff's motion for default.*

On October 3, 2022, Plaintiff filed a complaint against Defendant, a limited liability company. (Doc. No. 1.) On October 4, 2022, a status conference was held before the district court, wherein the district court reset the motion hearing to allow Defendant to retain counsel. *See* ECF minute entry dated Oct. 4, 2022. On October 14, 2022, Robert Gray ("Gray"), an individual who is not licensed to practice law, filed a status report, ostensibly on behalf of Defendant. (Doc. No. 10.) On October 25, 2022, Gray filed an answer and affirmative defenses to Plaintiff's complaint, again ostensibly on behalf of Defendant. (Doc. No. 11.) On January 6, 2023, Gray filed a motion to dismiss, purportedly on behalf of Defendant. (Doc. No. 14.)

On January 9, 2023, Plaintiff filed an opposed motion to strike Gray's three pleadings. (Doc. No. 15.) On January 9, 2023, the district court held a status conference and once again instructed Gray that Defendant must be represented by counsel. *See* ECF minute entry dated Jan. 9, 2023. The district court ordered that Defendant be represented by counsel by February 8. 2023. *Id.*

February 8 came and went, without indication that Defendant had retained counsel. Plaintiff filed the instant motion for default on February 9, 2023 (Doc. No. 16), and the case was referred to the undersigned that same day. (Doc. No. 17.) Finally, on February 13, 2023, attorney Javier Martinez filed a motion to appear and represent Defendant *pro hac vice*. (Doc. No. 19.) The undersigned granted that motion. (Doc. No. 20.) On February 22, 2023, the Court held a status conference; attorney Martinez appeared on behalf of Defendant. *See* ECF minute entry dated Feb. 22, 2023. The undersigned ordered Defendant to file an answer to Plaintiff's complaint within seven days. *Id*. On February 28, 2023, Defendant, through counsel, filed an answer and affirmative defenses within the seven-day deadline. (Doc. No. 21.) On March 6, 2023, the undersigned granted Plaintiff's motion to strike all pleadings filed by Gray. (Doc. No. 22.)

The Clerk has not entered a default against Defendant. The issue presented is whether default should be entered. The undersigned recommends against entry of default.

### B.  *Legal standard: default.*

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

An entry of default under Rule 55(a) is different from a grant of default judgment under Federal Rule of Civil Procedure 55(b).  Entry of default under Rule 55(a) is a prerequisite for a grant of default judgment.  *See Cox v. Collin Cnty. Sheriff's Office*, No. 4:13-CV-648, 2014 WL 61068, at *1 (E.D. Tex. Jan. 7, 2014) (citing *Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08-cv-0718-D, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008)); *see also* 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2682 (4th ed., April 2022 update).

### C.  Analysis: The district court should exercise its discretion not to order entry of default.

In its motion, Plaintiff asks that the Clerk file an entry of default pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 16, p. 1.)  In support of this motion, Plaintiff notes that prior to the hearing on January 9, 2023, the district court admonished Gray twice about employing an attorney.  *Id*.  Then, at the status conference held on January 9, 2023, the district court instructed Defendant to hire an attorney by February 8, 2023.  *Id*.

Defendant did not meet this deadline.  It was not until February 13, 2023 that an attorney filed a motion to appear and represent Defendant *pro hac vice*.  (Doc. No. 19.)  And Defendant did not file a proper answer until February 28, 2023.  (Doc. No. 21.)  This answer was late: because Defendant was served via summons on December 10, 2022, Defendant's answer was required to be filed not later than January 3, 2023.  *See* Doc. No. 12, p. 1; Fed. R. Civ. P. 6(a)(1)(C).  At the very latest, Defendant should have filed its answer by February 8, 2023, the date by which it was required by the district court to be represented by counsel.

Nevertheless, entry of default under Rule 55(a) is not appropriate in this case.  Under Rule 55(a), the Clerk does not automatically enter a party's default upon expiration of the deadline to answer; rather, the Clerk is to enter a default only when the failure to answer "is

shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). At the time of the motion for entry of default, on February 9, 2023, Defendant had failed to appropriately answer,[1] and Plaintiff has adequately shown evidence of this.

The Court, however, retains discretion whether to order entry of default, even if the requirements of Rule 55(a) are satisfied. *See Plummer v. Rockwater Energy Solutions, Inc.*, No. H-18-4746, 2020 WL 1963001, at *1 (S.D. Tex. Apr. 2, 2020) (Bray, M.J.) (citing *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955)); *see also Cannon v. Washington*, 321 F. App'x 501, 502-03 (7th Cir. 2009) (even if prison mailbox rule applied, plaintiff could not show entitlement to default because defendants had not refused to participate in litigation and were defending the case). Where a party "who has failed to timely submit a responsive pleading nonetheless 'appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default.'" *People's Capital and Leasing Corp. v. McClung*, No. 5:17-cv-484-OLG, 2017 WL 8181529, at *1 (W.D. Tex. Sept. 22, 2017) (quoting 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2682 (4th ed.)); *see also Fan v. Brewer*, No. H-08-3524, 2019 WL 1743824, at *2 n.4 (S.D. Tex. June 17, 2009) (Rosenthal, J.) (entry of default is left to sound judicial discretion of the court, with a preference for disposal of cases on the merits whenever possible).

In this case, as in *People's Capital* and *Fan*, Defendant has sufficiently indicated its desire to dispute Plaintiff's claims. Although not permitted to do so, Gray did submit documents disputing those claims. The undersigned does not consider the substance of those documents (and in fact has stricken them) but does acknowledge that they provide some evidence that

---

[1] As of February 9, 2023, the only answer on file was the answer filed by Gray, who is not an attorney. *See* Doc. No. 11.

Defendant wishes to contest Plaintiff's claims.  Further, upon being retained, counsel for Defendant promptly submitted an answer and affirmative defenses within the time specified by the Court during the February 22 status conference, clearly signifying Defendant's desire to participate in this litigation and to contest the claims against it.  (Doc. No. 21.)  Taken together, these facts are sufficient, under the circumstances of this case and considering the preference for disposal of cases on the merits, to justify the district court's exercise of discretion not to enter default against Defendant.

### D.  Recommendation.

After weighing the factors and because Defendant corrected the default when the undersigned ordered Defendant to do so, the undersigned recommends that the district court exercise its discretion not to order entry of default.  The undersigned therefore recommends that Plaintiff's motion for entry of default (Doc. No. 16) be DENIED.[2]

### E.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[2]  In its motion, Plaintiff also requests that the Court strike the pleadings filed by Gray.  (Doc. No. 16, p. 1.)  The undersigned has already stricken the pleadings that Gray filed, *see* Doc. Nos. 15, 22, so that portion of Plaintiff's motion should also be denied, as moot.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on March 6, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge